IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| MARVA JEAN HERRING,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME LOANS et al.,<br><br>    Defendants. | Civil Action No. 8:13-cv-02049-AW |

## **MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Dismiss. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiff Marva Jean Herring is a Maryland resident. Plaintiff has sued the following corporate entities: (1) Wells Fargo Home Loans (Wells Fargo); (2) Countrywide Home Loans (Countrywide); and (3) Bank of America Home Loans (Bank of America). Defendants are in the business of mortgage lending and servicing. "[I]t is well-established that Countrywide has merged into Bank of America." *Lawson v. MERS, Inc.*, Civil Action No. 8:13–cv–02149–AW, 2013 WL 4482953, at *1 (D. Md. Aug. 20, 2013) (citing cases).

The Court draws the following facts from Plaintiff's Complaint and her Response to Defendants' Motion to Dismiss. Generally, "[f]actual allegations contained in legal briefs or memoranda are . . . treated as matters outside the pleading for purposes of Rule 12(b)." *Ross v.*

1

*Prince George's County, Md.*, Civil Action No. DKC 11–1984, 2012 WL 1204087, at *2 (D. Md. Apr. 10, 2012) (citation and internal quotation marks omitted). However, courts have discretion to consider allegations made in a legal brief or memorandum when ruling on a motion to dismiss where, as here, the complaint is unclear and deficient and doing so does not prejudice the plaintiff. *See Jones v. Stafford*, Civil Action No. 8:12–cv–00891–AW, 2012 WL 5882588, at *1 (D. Md. Nov. 20, 2012) (citations omitted).

Plaintiff alleges that, in 2005, she refinanced her home with Wells Fargo. At closing, Plaintiff alleges, although the settlor or title company agent asked her to read refinance agreement ("Agreement"), this person did not read the Agreement to her line by line. Doc. No. 11 at 2. Plaintiff also seems to allege that Countrywide and/or Wells Fargo misrepresented that Wells Fargo was the true lender because Countrywide represented itself as both the servicer and lender. Additionally, Plaintiff alleges that she was not informed of the merger between Wells Fargo and Countrywide.

At some point, Plaintiff fell behind on her mortgage payments. In 2008, Plaintiff asked Defendants for a modification of her home loan. Plaintiff received a temporary decrease in the amount of her mortgage payments. Then, one or more unspecified representatives of one or more of the Defendants told her that she was ineligible for a permanent modification as per the terms of the Agreement. Plaintiff alleges that she repeatedly contacted Defendants to request reconsideration and/or an explanation for their decision and that they failed to respond. Plaintiff further alleges that one can infer from Defendants' failure to contact her and other irrelevant considerations that the term prohibiting modification does not exist.

Based on these sparse allegations, Plaintiff requests the following relief: (1) that Defendants "immediately cease and desist all discriminatory, fraudulent, breaches of contract,

negligent and harassing acts" [sic]; (2) that Defendants "pay Plaintiff $250 million dollars [sic] in punitive and compensatory damages"; and (3) that Defendants "award Plaintiff her home on a total mortgage free basis."

Plaintiff filed her Complaint in the Circuit Court for Prince George's County. Defendants removed the case on July 15, 2013. On July 22, 2013, Defendants filed a Motion to Dismiss. Doc. No. 7. The Clerk mailed Plaintiff a Rule 12/56 letter on July 23, 2013. In response, Plaintiff filed a Motion for Extension of Time to respond to the Motion to Dismiss. The Court granted this Motion and gave Plaintiff until October 22, 2013 to respond to the Motion to Dismiss. Doc. No. 10. One day after this deadline, Plaintiff filed a Response. Doc. No. 11. Plaintiff's Response is a slightly more detailed variant of her Complaint that contains no legal argumentation. Notably, Plaintiff fails to address the argument that res judicata bars her claims.

## II. STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III. LEGAL ANALYSIS

#### A. Res Judicata

"Under Maryland law, claim preclusion has three elements: (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643–44 (4th Cir. 2011) (citation and internal quotation marks omitted). "In deciding whether the claims are the same, so as to satisfy the second element, Maryland courts employ the 'transaction' test." *Id.* at 644 (citation omitted). "Under this test, claims are the same when they arise out of the same transaction or series of transactions." *Id.* (citation and internal quotation marks omitted).

Here, on May 4, 2012, Plaintiff filed a complaint in Prince George's County Circuit Court against the same Defendants asserting causes of action arising out of the same operative facts. *See* Doc. No. 7-3. Plaintiff later amended the complaint without substantive change. *See* Doc. No. 7-5. In that action, the Defendants filed a motion to dismiss, which they renewed in

4

response to Plaintiff's amended pleading. On October 2, 2012, Judge Larnzell Martin dismissed Plaintiff's case with prejudice. Doc. No. 7-7.[1] In sum, the Parties in this case are the same as in the prior suit, the transaction test is satisfied, and there was a final judgment on the merits in the prior suit. Accordingly, res judicata bars Plaintiff's claims.

**B.      Failure to State a Claim**

Even if res judicata did not bar Plaintiff's claims, they would not be cognizable. The overarching flaw in Plaintiff's claims is that she has failed to plead "**sufficient factual matter** . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (emphasis added) (citation and internal quotation marks omitted). Plaintiffs allegations are simply too scant, transparent, and meandering to support a cause of action in federal court. Plaintiff seems to allege that Defendants had an obligation to modify her home loan. However, although the Agreement is presumably within her possession, Plaintiff has not identified any contractual language placing such a duty on Defendants. Plaintiff might respond that, even if the Agreement contained no such term, Defendants falsely stated that it contained a term prohibiting them from modifying her mortgage payments permanently. Yet, while this outcome is theoretically possible, Plaintiff's diaphanous and disjointed allegations do not support a plausible deduction that Defendants' statement was dishonest. Plaintiff seems to argue that it defies credulity to believe that Defendants could not have permanently modified her loan because of their size and profitability.  The Court disagrees. It is perfectly plausible that the Agreement contained such a

---

[1] Although these documents are technically outside of the Complaint, it is a matter of public record that Plaintiff filed the state court action against the same Defendants and that Judge Martin dismissed it with prejudice. *See generally* http://casesearch.courts.state.md.us/inquiry/processDisclaimer.jis. Furthermore, it is well-settled that courts may rely on state court judicial documents when ruling on a motion to dismiss. *See, e.g.*, *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding . . . .").

term. As the Court recently recognized, under freedom of contract principles, parties have broad leeway to enter into mutually beneficial or burdensome contracts creating a "seemingly infinite number of rights and/or obligations . . . ." *JW & JJ Entm't, LLC v. Sandler*, Civil Action No. 8:13–cv–01609–AW, 2013 WL 5423985, at *7 (D. Md. Sep. 26, 2013). Plaintiff also might respond that Defendants should have considered her for a loan modification pursuant to HAMP guidelines. However, numerous courts have held that "HAMP does not provide a private right of action." *See, e.g.*, *Allen v. CitiMortgage, Inc.*, Civil No. CCB–10–2740, 2011 WL 3425665, at *8 (D. Md. Aug. 4, 2011) (citation omitted). True, deliberately "churning" a request for a loan modification to "run up late fees and other default-related charges" could conceivably support a consumer protection or breach of contract claim. *See Currie v. Wells Fargo Bank, N.A.*, --- F. Supp. 2d. ----, Civil Action No. 8:12–cv–02461–AW, 2013 WL 2295695, at *6 (D. Md. May 23, 2013). Nevertheless, Plaintiff has not alleged a long pattern of broken promises and deceptive of conduct such as in *Currie*. Accordingly, Defendants' alleged failure to consider and/or give Plaintiff a loan modification is not actionable.

Plaintiff fails to state cognizable claims for various other reasons. Plaintiff's claims sounding in fraud fail because she has failed to plead them with particularity. *See* Fed. R. Civ. P. 9(b); *see also Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (citation omitted) (holding that claims under the Maryland Consumer Protection Act sound in fraud and are thus subject to the heightened pleading requirements of Rule 9(b)); *Currie*, 2013 WL 2295695, at *9 (holding that claims under the Maryland Mortgage Fraud Protection Act are subject to Rule 9(b)). For its part, Plaintiff's negligence claim fails because "Plaintiff[] ha[s] not identified any language—whether statutory or contractual—purporting to place a special duty of care on Defendants and ha[s] not alleged any extraordinary circumstances counseling for the

imposition of a tort duty." *Currie*, 2013 WL 2295695, at *12 (citation and internal quotation marks omitted). Any other causes of action that one could conceivably infer from Plaintiff's Complaint and Response "are picayune and warrant no express consideration." *McGrath v. Williams*, Civil Action No. 8:13–cv–00833–AW, 2013 WL 4507613, at *4 (D. Md. Aug. 22, 2013).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. A separate Order follows.

| | |
|---|---|
| October 24, 2013 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |